## ESBECO DISTILLING CORPORATION
### *vs.*
## ARTHUR G. MILLER

Superior Court        Fairfield County        File No. 53654

MEMORANDUM FILED DECEMBER 28, 1938.

*Cummings & Lockwood,* of Stamford, for the Plaintiff.

*Benjamin F. Goldman,* of New Haven, for the Defendant.

MUNGER, J.   In his cross complaint the defendant alleges a contract with the plaintiff by the terms of which he was to be paid commissions on all accounts opened by him for the plaintiff while he was acting as his salesman.   This contract is set out as exhibit A.   The defendant says that according to its terms he is entitled to receive commissions on all accounts which he was instrumental in procuring for the plaintiff so long as they continued to be active accounts, the construction being claimed by the defendant to be this: that once a customer was secured by his efforts and so long as he remained a customer and bought from the plaintiff the defendant was entitled to his commission under the contract.   This is the only fair inter-pretation of the defendant's claim.

It is obvious that the motion for disclosure is an excellent illustration of the reason for the rule requiring it.   Clearly the defendant here alleges the facts and the evidence material to support his case is within the sole knowledge and power of the plaintiff.   How else could he proceed except by availing him-self of the knowledge that he gained by the disclosure?

Whether or not the defendant can successfully maintain his claim as to the construction of the contract or prevail upon the issue of fact raised by the answer to the cross complaint is beside the point.   He is entitled to such remedy in pressing his

claim as is specifically given to him by our rule relating to disclosure and inspection. The motion must be granted and the plaintiff is ordered to answer the interrogatories filed with said motion within two weeks from the date of the receipt of notice of this action of the court. And it is further ordered, pursuant to the rule, to deliver to the defendant a notice stating a reasonable time within one week when inspection of the books described in the motion may be had and copies made of the accounts as therein prayed for.